NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LARRY DALE JOHNSON, | : | Civil No. 11-6754 (RMB) |
| Petitioner, | : | |
| v. | : | OPINION |
| DONNA ZICKEFOOSE, WARDEN, et al. | : | |
| Respondents. | : | |

APPEARANCES:

    LARRY DALE JOHNSON, Petitioner pro se
    #65400-065
    FCI Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey 08640

BUMB, District Judge

    Petitioner, Larry Dale Johnson ("Johnson"), is a federal inmate, who was confined at the FCI Fort Dix in Fort Dix, New Jersey, at the time he filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On December 29, 2011, this Court administratively terminated this action because Johnson failed to submit the requisite filing fee or submit a complete application to proceed in forma pauperis ("IFP") at the time he filed his petition. (Docket entry no. 2). On January 12, 2012, Johnson submitted a complete IFP application, requesting that his case be re-opened. Based on Johnson's affidavit of indigency and institutional certification of his prison account, this Court

finds that Johnson qualifies for indigent status.  Accordingly, the Court will direct the Clerk of the Court to re-open this matter and Johnson's IFP application will be granted.

Upon initial screening of the habeas petition, however, it appears that Johnson is alleging a denial of medical care in violation of federal constitutional and statutory law, and he requests a transfer to a medical designation center, which claims do not challenge the fact or duration of his confinement.  For the reasons set forth below, the Court concludes that the habeas petition should be dismissed without prejudice to any right Johnson may have to assert these claims in a properly filed civil complaint.

## I.   BACKGROUND

The following factual allegations are taken from the petition/Complaint and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of Johnson's allegations.

Johnson alleges that defendants, Warden Donna Zickefoose and the Medical Director of the Federal Bureau of Prisons ("BOP"), have interfered with his medical treatment for orthopedic surgery, by delay and/or denial of medical care, by cancelling outside medical consultations, and by ignoring or losing medical reports, MRIs, x-rays, and cat scans.  Johnson also alleges that he has been transferred to three different prison facilities in

2

one year that caused errors in his designation and medical care level and restrictions.  Johnson further claims that these transfers were effected with deliberate indifference to his serious medical needs and prior diagnosis and recommendation for orthopedic surgery.  (Petition at pg. 2).

Specifically, Johnson alleges that he suffers from chronic sciatic pain in his lower back and legs that has confined him to a wheelchair, and that he has been recommended for orthopedic spinal surgery.  He seeks a transfer to a medical center for "medical evaluation and treatment of surgical intervention as diagnosed" by an orthopedic surgeon in Medford, Oregon, or that he be transferred to a Residential Reentry Center ("RRC") in Oregon so that he can receive his planned surgery.  (Petition at pg. 3).

In a letter received on January 11, 2012, Johnson asks that all of his incoming and outgoing mail be marked as "special mail," and that all incoming "special mail" be opened in his presence "to prevent any further interference, mishandling, misdelivery, theft, destruction, loss or delay" of his mail. (Docket entry no. 3).  Johnson further alleges that the problems with his mail was caused by his three transfers to three different prison facilities in one year in retaliation for filing inmate grievances and civil litigation.  Johnson alleges that he is 64 years old, in poor health, confined to a wheelchair and

indigent "without use of a telephone, internet, fax, electronic filing [and] discovery evidence," except for mail, to properly litigate his claims and access the courts. (Id.).

On January 24, 2012, Johnson filed a motion for class certification on behalf of himself and other similarly situated, totally disabled inmates. (Docket entry no. 5). Johnson alleges that, pursuant to his Presentence Investigation Report, he is totally disabled with entitlement rights and benefits under the Social Security Act. He complains that disabled inmates should not be required to perform prison labor without inmate consent or authorization from the Social Security Administration without due process of law. In particular, Johnson alleges that he has been "forced" to work in violation of his total disability and without due process. Johnson further alleges that when he refused to perform prison work because of his disability, he was placed in administrative segregation and then transferred in retaliation for asserting his rights.

## II. STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). Habeas Rule 2(c) requires a petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under

4

penalty of perjury.  28 U.S.C. § 2254 Rule 2(c), applicable through Rule 1(b).

Habeas Rule 4 requires a judge to sua sponte dismiss a petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).  Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856.  Dismissal without the filing of an answer has been found warranted when "it appears on the face of the petition that petitioner is not entitled to [habeas] relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000)(habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [petitioner] to [habeas] relief"); see also Mayle v. Felix, 545 U.S. 644, 655 (2005).

III.  DISCUSSION

A.  Jurisdiction

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement.  Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that

affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997). See also Wilkinson v. Dotson, 544 U.S. 74 (2005). In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action. See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991) and cases cited therein. See also Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 237 (3d Cir. 2005)(challenge to regulations limiting pre-release transfer to community corrections centers properly brought in habeas); Macia v. Williamson, 2007 WL 748663 (3d Cir. 2007) (finding habeas jurisdiction in challenge to disciplinary hearing that resulting in sanctions including loss of good-time credits, disciplinary segregation, and disciplinary transfer).

    The Court of Appeals for the Third Circuit has held that habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001)(noting that federal prisoners may challenge the denial of parole under § 2241); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990) (challenge to BOP refusal to consider prisoner's request that state prison be designated place for service of federal sentence).

The Court of Appeals has noted, however, that "the precise meaning of 'execution of the sentence' is hazy." Woodall, 432 F.3d at 237. Distinguishing Woodall, the Court of Appeals has held that a challenge to a garden-variety transfer is not cognizable in habeas. See Ganim v. Federal Bureau of Prisons, 235 Fed. Appx. 882, 2007 WL 1539942 (3d Cir. 2007). See also McCall v. Ebbert, 2010 WL 2500376 (3d Cir. Jun. 21, 2010)(District Court properly dismissed for lack of jurisdiction § 2241 petition challenging transfer to increased security level and conditions of confinement); Zapata v. United States, 264 Fed. Appx. 242 (3d Cir. 2008)(District Court lacks jurisdiction under § 2241 to entertain inmate's challenge to prison transfer); Bronson v. Demming, 56 Fed. Appx. 551, 553-54 (3d Cir. 2002)(habeas relief is unavailable to inmate seeking release from disciplinary segregation to general population, and district court properly dismissed habeas petition without prejudice to any right to assert claims in properly filed civil complaint).

Recently, in Cardona v. Bledsoe, 681 F.3d 533 (3d Cir. 2012), a federal inmate petitioned for habeas relief under § 2241, arguing that the BOP illegally referred him to the Special Management Unit as punishment for filing lawsuits against the Bureau. The district court dismissed the petition for lack of jurisdiction under § 2241. The Third Circuit noted that, although § 2241 extends jurisdiction to claims concerning the

execution of a federal inmate's sentence, "[i]n order to challenge the execution of his sentence under § 2241, Cardona would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." Id. at 537. The Third Circuit held that, because Cardona's petition did not allege that the "BOP's conduct was inconsistent with any express command or recommendation in his sentencing judgment," Cardona's petition did not challenge the execution of his sentence and the district court lacked jurisdiction under § 2241. Id.

Likewise, challenges to conditions of confinement are not cognizable in a habeas action. The Court of Appeals for the Third Circuit has explained that:

> whenever the challenge ultimately attacks the "core of habeas"—the validity of the continued conviction or the fact or length of the sentence—a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). See also Bonadonna v. United States, 446 Fed. Appx. 407 (3d Cir. 2011) (District Court properly dismissed § 2241 petition where petitioner's allegations of deficient or different medical care does not "spell speedier release," and thus does not lie at the "core of habeas corpus.")(citations omitted); McGee v. Martinez, 627 F.3d 933, 936 (3d Cir. 2010)("the fact that a civil rights

claim is filed by a prisoner rather than by an unincarcerated individual does not turn a § 1983 case or a <u>Bivens</u> action into a habeas petition").

In this case, Johnson asserts several claims that concern the conditions of his confinement rather than the fact or duration of his confinement. He alleges claims of denial of medical care, retaliatory transfers and disciplinary actions, denial of access to the courts (via denial of postage stamps, etc.) and interference with his legal mail. Johnson also claims that he is forced to work despite his total disability. He seeks a transfer to a prison medical facility that can accommodate his level 2 chronic care assessment. All of these claims plainly involve issues related to the conditions of his confinement, and are not properly asserted in this § 2241 action, as they would not alter his sentence or undo his conviction. Therefore, these claims must be dismissed for lack of jurisdiction under § 2241. This dismissal is without prejudice to any right Johnson may have to assert these claims in a civil complaint filed under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S.

388, 389 (1971),[1] or in an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.[2]

---

[1] In Bivens, the Supreme Court held that one is entitled to recover monetary damages for injuries suffered as a result of federal officials' violations of the Fourth Amendment. In doing so, the Supreme Court created a new tort as it applied to federal officers, and a federal counterpart to the remedy created by 42 U.S.C. § 1983. The Supreme Court has also implied Bivens damages remedies directly under the Eighth Amendment, see Carlson v. Green, 446 U.S. 14 (1980), and the Fifth Amendment, see Davis v. Passman, 442 U.S. 228 (1979).

In order to state a claim under Bivens, a claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. See Mahoney v. Nat'l Org. For Women, 681 F. Supp. 129, 132 (D.Conn. 1987)(citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)).

[2] The filing fee for a habeas petition is $5.00, and inmates filing a habeas petition who are granted in forma pauperis status do not have to pay the filing fee. See Santana v. United States, 98 F.3d 752 (3d Cir. 1996)(filing fee payment requirements of Prison Litigation Reform Act do not apply to in forma pauperis habeas corpus petitions and appeals). In contrast, the filing fee for a Bivens complaint is $350.00. Inmates filing a Bivens complaint who proceed in forma pauperis are required to pay the entire filing fee in monthly installments, which are deducted from the prison account. See 29 U.S.C. § 1915(b). In addition, if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action in forma pauperis unless he or she is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). Because of these differences, this Court will not sua sponte recharacterize the pleading as a civil complaint. If Petitioner chooses to bring a civil complaint, he may do so by filing a complaint in a new docket number.

B.   Motion for Class Certification

   Petitioner also brings a motion for class certification. Because this action will be dismissed without prejudice, on the grounds as set forth above, the Court will dismiss Petitioner's motion as moot at this time, without prejudice to him raising it in a civil complaint, should Petitioner choose to do so.

## CONCLUSION

   Based on the foregoing, the Court dismisses Johnson's habeas petition without prejudice to any right he may have to assert his claims in a properly filed civil complaint.  Further, his motion for class certification is denied as moot.  An appropriate Order accompanies this Opinion.

                                s/Renée Marie Bumb
                                RENÉE MARIE BUMB
                                United States District Judge

Dated: December 21, 2012